USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-30-12

------------------------------------ x

TRAVELPORT LIMITED, TRAVELPORT
LLC, AND TRAVELPORT INC.,

    Plaintiffs,

    - against -

COMPUTERSHARE TRUST COMPANY,
N.A., as Trustee,

    Defendant;

------------------------------------ x

COMPUTERSHARE TRUST COMPANY, N.A.,
as Trustee,

    Counterclaimant,

    - against -

TRAVELPORT LIMITED, TRAVELPORT LLC,
TRAVELPORT INC., AND TRAVELPORT
HOLDINGS LIMITED,

    Counterclaim Defendants.

------------------------------------ x

11 Civ. 7704 (PKC)

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties **do not consent** to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case **is not** to be tried to a jury.

3. Except for amendments as of right, amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30 days** from the date of this Order.

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., **have already been exchanged**.

5. All <u>fact</u> discovery shall be completed no later than *November 2, 2012*

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

   (a) Initial requests for production of documents to be served by **April 16, 2012**.

   (b) Interrogatories to be served **no later than 45 days prior to the close of fact discovery.** *no later than November 2, 2012.*

   (c) Depositions to be completed by _____.

   (d) Requests to Admit to be served **no later than 45 days prior to the close of fact discovery.**

7. (a) All <u>expert</u> discovery shall be completed no later than *January 31, 2013.* ~~60 days after the close of fact discovery.~~

   (b) No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including premotion conference requirements, except that motions <u>in limine</u> may be made without a premotion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a premotion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, <u>i.e.</u>, the close of fact discovery.

Case 1:11-cv-07704-PKC   Document 32   Filed 03/30/12   Page 3 of 6

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. (a) Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
**Not applicable at this time.**

   (b) Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
**The parties have held initial discussions regarding the possibility of mediation and the appropriate timing and expect to continue such discussions.**

   (c) Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)
**The parties have held initial discussions regarding the possibility of mediation and the appropriate timing and expect to continue such discussions.**

   (d) The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the premotion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

Case 1:11-cv-07704-PKC  Document 32  Filed 03/30/12  Page 4 of 6

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **10 days**.

13. [Other items, including those in Rule 26(f)(3).]

Because of the generous discovery period, the Court does not anticipate granting an extension of the discovery period.

---

Defendants to transmit settlement proposal in 3 weeks. Plaintiffs to respond in two weeks. Thereafter face to face meeting at Skadden offices, clients and representatives within two additional weeks. Parties to report to the Court in writing within one week thereafter.

4

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

15. The next Case Management Conference is scheduled for _November 30, 2012 at 10:30 a.m._

Case 1:11-cv-07704-PKC   Document 32   Filed 03/30/12   Page 6 of 6

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

P. Kevin Castel
United States District Judge

Dated: New York, New York
3-29-12

6