Castel, J

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELPORT LIMITED, TRAVELPORT LLC, AND
TRAVELPORT INC.,

        Plaintiffs,

v.

COMPUTERSHARE TRUST COMPANY, N.A., as
Trustee,

        Defendant.

COMPUTERSHARE TRUST COMPANY, N.A., as
Trustee,

        Counterclaim Plaintiff,

v.

TRAVELPORT LIMITED, TRAVELPORT LLC,
TRAVELPORT INC., AND TRAVELPORT HOLDINGS
LIMITED,

        Counterclaim Defendants.

Case No. 1:11-cv-07704-PKC

Honorable P. Kevin Castel

### STIPULATION AND PROTECTIVE ORDER REGARDING
### CONFIDENTIALITY OF DISCOVERY MATERIALS AND ADDENDUM

This Stipulation and Protective Order Regarding Confidentiality of Discovery Materials ("Stipulation and Order") is entered pursuant to Federal Rule of Civil Procedure 26(c) to facilitate the production, inspection and copying of information during discovery by the parties to the above-entitled action, and others who are not parties, and to protect, in accordance with its terms: (i) trade secrets and other confidential research, development or commercial information; (ii) nonpublic financial or personal information; and (iii) any other information that constitutes

confidential information under the Federal Rules of Civil Procedure and applicable case law (the "Confidential Information").

1. This Stipulation and Order shall govern all methods for the exchange of Confidential Information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and information produced in any other form in response to discovery conducted in this case, and as part of any motions, briefs or other filings, and any court filings permitted to be made under seal.

2. The party or third party producing information (the "Producing Party") shall have the right to designate any information as "Confidential" to the extent that it believes in good faith that such information constitutes, contains or would disclose Confidential Information.

3. Confidential Information shall be designated as follows:

(a) In the case of documents containing Confidential Information, by placing thereon the legend "CONFIDENTIAL."

(b) In the case of interrogatory answers containing Confidential Information, by placing the legend "CONFIDENTIAL" on each page containing such answers, with the relevant portion of the answer or answers bracketed.

(c) In the case of electronic data that cannot be readily marked with the "CONFIDENTIAL" legend in its native format, by placing the appropriate legend in the accompanying correspondence.

(d) In the case of depositions, either by (1) a statement to such effect on the record during the course of the deposition or (2) written notice to all counsel of record within thirty (30) days of receipt of the deposition transcript by counsel for the party claiming confidentiality. If the designation is made during the course of a deposition, the party making

the designation shall request that the reporter attending the deposition write or stamp the word "CONFIDENTIAL" on the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall do so by providing written notice to all counsel of record herein within thirty (30) days of receipt of the deposition transcript and identifying the page and line numbers corresponding to the portions of testimony the party wishes to designate Confidential. Between the date of the deposition and thirty (30) days after the transcript has been received by the parties, the entire transcript is to be treated as if designated Confidential. If no party has designated any portion of a deposition transcript Confidential thirty (30) days after receipt of the transcript, the entire transcript will be treated as non-Confidential. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

    (e) If filed with the Court, in the absence of consent by the Producing Party to filing in open court, by filing under seal until further order of the Court. At the time of filing, documents containing information designated Confidential shall be placed in a sealed envelope, which shall be marked with the title of the action, a description of the contents (*e.g.*, Deposition of Jane Doe), and a legend substantially similar to the following:

<u>CONFIDENTIAL – Subject to Protective Order</u>

> This envelope is sealed pursuant to an Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

The provisions of this paragraph are not intended to shift the burden of establishing confidentiality and/or the propriety of filing under seal, which shall remain on the Producing Party.

    4. Confidential Information shall not be disclosed or used for any purposes except in connection with the prosecution or defense of this litigation.

5.  Confidential Information shall not, without the consent of the Producing Party or further order of this Court, be disclosed, except that such information may be disclosed to:

(a)  counsel for the respective parties to the litigation retained for this litigation;

(b)  employees of such counsel;

(c)  the Court, court personnel, Court reporters, stenographic reporters attending depositions, and jury members;

(d)  the named plaintiffs, defendant and counter-defendants in the litigation and the officers or employees of a such parties, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(e)  consultants, expert witnesses, or vendors providing litigation-related services retained by a party in connection with this litigation, to the extent such disclosure is necessary for the prosecution or defense of this litigation;

(f)  a deposition or trial witness in this litigation, to the extent deemed necessary by counsel for the prosecution or defense of this litigation; and

(g)  any person indicated on the face of a document to be the author, addressee, or an actual recipient of the document, or any person who received or was shown the document prior to this litigation.

6.  Publicly available documents or information that is otherwise publicly available, including without limitation documents publicly filed with regulators such as the U.S. Securities and Exchange Commission, are not subject to this Stipulation and Order and do not constitute Confidential Information, regardless of whether that document is designated as such by the Producing Party.

7. All persons receiving Confidential Information shall be bound by the terms of this Stipulation and Order. Any person who wants to be released from the obligations of this Stipulation and Order must seek relief from the Court.

8. Before disclosing any Confidential Information to any persons listed above (other than those listed in ¶ 5(a)-(c) & (g)), counsel shall provide such person with a copy of this Stipulation and Order and obtain from such person a written acknowledgement, in the form attached hereto as Exhibit A, stating that he or she has read this Stipulation and Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel for one (1) year after the conclusion of this litigation as defined in Paragraph 9 below and may be made available to opposing counsel upon request for good cause shown.

9. The "conclusion of this litigation" as referred to in Paragraph 8 above is defined as thirty (30) days after the expiration of the time to appeal or challenge any final judgment, settlement or consent decree. Within 60 days after the conclusion of this litigation, Confidential Information and all copies of the same (other than full copies of all papers filed or submitted to the Court) shall be returned to the Producing Party or, at the option of the Producing Party, destroyed. If the Producing Party requests that the Confidential Information be returned, the Producing Party agrees to pay the actual costs of returning the Confidential Information. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 90 days after conclusion of this litigation. This paragraph shall not apply to attorney or expert work product.

10. Confidential Information may be offered in evidence at a hearing or at trial, provided that the proponent of the evidence gives five (5) days advance notice to counsel for the Producing Party. Any Producing Party that has designated information as Confidential may

move the Court for an order that such evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

11. Nothing in this Stipulation and Order shall prevent a Producing Party, in good faith, from correcting a mistake to the designation of information that already has been produced to another party in undesignated form or with a different designation as Confidential Information, or to designating as Confidential Information what has previously been produced in undesignated form by another party, provided that the Producing Party designating or redesignating the information promptly advises the party to which production has been made of the new designation or redesignation.

12. Nothing in this Stipulation and Order shall (i) prevent a Producing Party from disclosing its own information which it has designated as Confidential, as it deems appropriate; (ii) impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the Producing Party; nor (iii) in any way restrict the ability of any party or witness to comply with a legal duty to disclose, regardless of the source of that duty. A disclosure under item (iii) shall not be deemed a waiver of any other parties' obligations under this Stipulation and Order, except as provided by law.

13. If any party objects to a designation of information as Confidential, the party shall so state the objection on the record at a deposition or by giving written notice to the Producing Party, identifying the information to which the objection is directed. The parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement within five (5) days from when they are first made, the party objecting to the designation may file a motion with the court no later than ten (10) business days from the expiration of such earlier five-day period challenging the designation. The burden of proof of

whether there is a basis for the information having such protection shall remain on the Producing Party. Disputed information shall remain Confidential Information under the terms of this Stipulation and Order until the Court rules on such motion or the Producing Party withdraws such designation in writing.

14. Neither entering into this Stipulation and Order nor receiving discovery materials designated as Confidential shall operate as an admission by any Party that any particular discovery material constitutes Confidential Information or prejudice in any way the rights of any Party to seek a determination by the Court as to whether particular discovery material should be subject to this Stipulation and Order.

15. If a party in possession of Confidential Information receives a subpoena or other disclosure request from a non-party to this Stipulation and Order seeking production or other disclosure of any such information, he or she shall promptly give notice to counsel for the Producing Party, describing the information sought and enclosing a copy of the disclosure request. Where possible, at least ten (10) days notice before production or other disclosure thereof should be given.

16. If Confidential Information is disclosed by a receiving party to any person other than in the manner authorized by this Stipulation and Order, the receiving party responsible for the disclosure shall, upon learning of the disclosure, make a good faith effort to bring the disclosure to the attention of the Producing Party and make every effort to prevent further unauthorized disclosure on its own part or on the part of such third party.

17. The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the above-entitled action.

18. Each person to whom Confidential Information is disclosed hereby submits himself or herself to the jurisdiction of the court over his or her person, wherever he or she shall be, for the exclusive purpose of enforcement of this Stipulation and Order. By entering into this Agreement, the parties do not waive any defenses that they might otherwise have regarding jurisdiction or service.

19. Nothing in this Stipulation and Order shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity, which matters shall be governed by the applicable law of privilege or immunity. To the extent however, that documents claimed to be protected from discovery on the grounds of such privilege or immunity are held by the Court not to be so protected, the terms of this Stipulation and Order shall govern any Confidential Information contained in such documents.

20. This Stipulation and Order may be executed and filed by the parties, through their counsel, in counterparts. Any future party to this litigation will be bound by this Order.

21. The parties agree promptly to submit this Stipulation and Order to the Court for approval and further agree that, pending approval by the Court, this Stipulation and Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

22. The parties to the above-captioned matter, through their respective counsel, expressly agree to the terms of this Stipulation and Order and consent to its form and entry.

Dated: April 11, 2012

**STIPULATED AND AGREED:**

_signature_ /ER-S

George A. Zimmerman
Steven J. Kolleeny
Jeffrey S. Geier
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-2978

*Counsel for Plaintiffs and Counterclaim Defendants Travelport Limited, Travelport LLC, Travelport Inc. and Counterclaim Defendant Travelport Holdings Limited*

_signature_

Bruce S. Bennett (admitted *pro hac vice*)
Bennett J. Murphy
John E. Schreiber
Monika S. Wiener (admitted *pro hac vice*)
DEWEY & LEBOEUF LLP
333 South Grand Avenue
Suite 2600
Los Angeles, California 90071
(213) 621-6000


_signature_ /JES

Barry G. Felder
Harold L. Kaplan
Jeremy L. Wallison
Jonathan H. Friedman
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474

*Attorneys for Defendant and Counterclaim Plaintiff Computershare Trust Company, N.A., as Trustee*

IT IS SO ORDERED in accordance with the foregoing stipulation. SUBJECT TO ADDENDUM ORDER

_____4-18-12_____          _____/s/ P. Kevin Castel_____
Date                                           The Honorable P. Kevin Castel
                                               United States District Judge

## EXHIBIT A

## ACKNOWLEDGEMENT

I hereby acknowledge that I have read a copy of the Stipulation and Protective Order Regarding Confidentiality of Discovery Materials ("Stipulation and Order") entered in the action presently pending in the United States District Court for the Southern District of New York entitled, *Travelport Limited, Travelport LLC and Travelport Inc. v. Computershare Trust Company, N.A., as Trustee*, Civil Action No. 1:11-cv-07704-PKC, that I understand the terms thereof and agree to be bound by its terms and submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Stipulation and Order. I understand that any violation of the terms of the Stipulation and Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other additional relief as deemed appropriate by the Court.

Signed under penalty of perjury of the laws of the United States of America, this _____ day of _____, 2012.

_____
Name:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRAVEL PORT LIMITED, et al,

                            Plaintiff(s),          11 Civ. 7704 (PKC)

      -against-

COMPUTERSHARE TRUST Co., NA.

                            Defendant(s).
-----------------------------------------------------------x

ADDENDUM ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

      This Addendum Order is an integral part of an Order entered today governing the confidentiality of documents and other things. Notwithstanding any other provision in the Order or agreement of the parties, no document may be filed under seal with the Clerk of Court without a further Order of this Court entered upon an application addressed to the specific document or documents sought to be sealed; such application shall be made accompanied by affidavit(s) or declaration(s) and a memorandum of law, demonstrating that the standards for sealing have been met. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

      Without further application to the Court, a party many make the redactions authorized by Rule 5.2(a), Fed. R. Civ., subject to the limitations and procedures set forth in other subdivisions of the Rule.

      SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 18, 2012