George A. Zimmerman
Steven J. Kolleeny
Jeffrey S. Geier
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (fax)

*Attorneys for Plaintiffs and Counterclaim Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| TRAVELPORT LIMITED, TRAVELPORT LLC, AND TRAVELPORT INC., | : | Case No. 11 Civ. 7704 (PKC) |
| Plaintiff, | : | **ECF Case** |
| v. | : | **Electronically Filed** |
| COMPUTERSHARE TRUST COMPANY, N.A., as Trustee, | : | **ANSWER TO AMENDED <u>COUNTERCLAIMS</u>** |
| | : | |
| Defendant; | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COMPUTERSHARE TRUST COMPANY, N.A., as Trustee,

      Counterclaimant,

         v.

TRAVELPORT LIMITED, TRAVELPORT LLC, TRAVELPORT INC., AND TRAVELPORT HOLDINGS LIMITED,

      Counterclaim Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiffs-Counterclaim Defendants Travelport Limited ("Holdings"), Travelport

LLC ("Opco"), Travelport Inc., (together with Holdings and Opco, "Travelport") and

Counterclaim-Defendant Travelport Holdings Limited ("PIK Borrower") (together with

Travelport, "Counterclaim Defendants"), by their attorneys, Skadden, Arps, Slate, Meagher &

Flom LLP, answer the Amended Counterclaims, dated April 18, 2012 (the "Amended

Counterclaims"), of Computershare Trust Company, N.A., as Trustee ("Counterclaimant") as

follows:

1.        Deny the allegations in Paragraph 1 of the Amended Counterclaims,

except admit that on September 19, 2011, Holdings announced PIK Borrower's proposed

restructuring of its senior unsecured payment-in-kind term loans (the "PIK Loans").

2.        Deny the allegations in Paragraph 2 of the Amended Counterclaims,

except admit that counsel to certain purported holders of debt issued pursuant to the Indentures[1]

sent a letter dated September 22, 2011, attached as Exhibit 4 to the Amended Complaint, and

respectfully refer the Court to the letter for the full and complete terms thereof.

3.        Deny the allegations in Paragraph 3 of the Amended Counterclaims,

except admit that The Bank of Nova Scotia Trust Company of New York sent a letter dated

September 23, 2011, attached as Exhibit 5 to the Amended Complaint, and respectfully refer the

Court to the letter for the full and complete terms thereof.

4.        Deny the allegations in Paragraph 4 of the Amended Counterclaims and

respectfully refer the Court to the relevant transaction documents for the full and complete terms

thereof.

5.        Deny the allegations in Paragraph 5 of the Amended Counterclaims,

except admit that (i) Travelport conditioned consummation of the $135 Million Investment on a

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Travelport's
       Amended Complaint for Declaratory Judgment, filed on November 3, 2011 (the "Amended Complaint").

court ruling that this component of the Restructuring is not prohibited by the Indentures; (ii) Holdings, Opco and Travelport Inc. filed their original complaint on October 28, 2011; and (iii) Holdings, Opco and Travelport Inc. filed their Amended Complaint on November 3, 2011. Counterclaim Defendants respectfully refer the Court to the Amended Complaint and the relevant transaction documents for the full and complete terms thereof.

6.          Deny the allegations in Paragraph 6 of the Amended Counterclaims, except admit the Trustee seeks declaratory relief.

7.          Deny the allegations contained in Paragraph 7 of the Amended Counterclaims, except admit that Holdings is a Bermuda company limited by its shares with its principal place of business in Atlanta, Georgia.

8.          Admit the allegations in Paragraph 8 of the Amended Counterclaims.

9.          Admit the allegations in Paragraph 9 of the Amended Counterclaims.

10.          Deny the allegations contained in Paragraph 10 of the Amended Counterclaims, except admit that PIK Borrower is a Bermuda exempted company with executive offices in Rye, New York.

11.          Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Counterclaims.

12.          Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Counterclaims, except admit that pursuant to agreements dated January 19, 2012, Computershare became the Trustee under the Indentures.

13.          Deny the allegations in Paragraph 13 of the Amended Counterclaims, except admit that the Trustee purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

14.            Deny the allegations in Paragraph 14 of the Amended Counterclaims.

15.            Deny the allegations in Paragraph 15 of the Amended Counterclaims, except admit that Opco issued various notes in August 2006 and respectfully refer the Court to the Indentures for the full and complete terms thereof.

16.            Deny the allegations in Paragraph 16 of the Amended Counterclaims, except admit that Opco and Travelport Inc. issued certain notes in August 2010 and respectfully refer the Court to the Indentures for the full and complete terms thereof.

17.            Deny the allegations in Paragraph 17 of the Amended Counterclaims.

18.            Admit the allegations in Paragraph 18 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

19.            Deny the allegations in Paragraph 19 of the Amended Counterclaims, except admit that PIK Borrower entered into the PIK Loans in March 2007, and respectfully refer the Court to the PIK Loans for the full and complete terms thereof.

20.            Deny the allegations in Paragraph 20 of the Amended Counterclaims, except admit that on September 19, 2011 Holdings filed a Form 8-K and respectfully refer the Court to the Form 8-K for the full and complete terms thereof.

21.            With respect to the allegations in Paragraph 21 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 21 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 21 of the Amended Counterclaims.

22.            With respect to the allegations in Paragraph 22 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are

conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 22 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 22 of the Amended Counterclaims.

23.          Deny the allegations in Paragraph 23 of the Amended Counterclaims and respectfully refer the Court to the relevant transaction documents for the full and complete terms thereof.

24.          Deny the allegations in Paragraph 24 of the Amended Counterclaims and respectfully refer the Court to the relevant transaction documents and the Amended Complaint for the full and complete terms thereof.

25.          Deny the allegations in Paragraph 25 of the Amended Counterclaims, except admit that Holdings received the September 22 Letter and respectfully refer the Court to the September 22 Letter for the full and complete terms thereof.

26.          Deny the allegations in Paragraph 26 of the Amended Counterclaims and respectfully refer the Court to the September 22 Letter for the full and complete terms thereof.

27.          Deny the allegations in Paragraph 27 of the Amended Counterclaims and respectfully refer the Court to the September 22 Letter for the full and complete terms thereof.

28.          Deny the allegations in Paragraph 28 of the Amended Counterclaims and respectfully refer the Court to the September 22 Letter for the full and complete terms thereof.

29.          Deny the allegations in Paragraph 29 of the Amended Counterclaims, except admit that the Initial Trustee wrote the September 23 letter and respectfully refer the Court to the September 23 Letter for the full and complete terms thereof.

30.          Deny the allegations in Paragraph 30 of the Amended Counterclaims, except admit that Travelport conditioned consummation of the $135 Million Investment on a

court ruling that this component of the Restructuring is not prohibited by the Indentures, and respectfully refer the Court to the Amended Complaint and the relevant transaction documents for the full and complete terms thereof.

31.        With respect to the allegations in Paragraph 31 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 31 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 31 of the Amended Counterclaims.

32.        Deny the allegations in Paragraph 32 of the Amended Counterclaims and respectfully refer the Court to the Amended Complaint for the full and complete terms thereof.

33.        Deny the allegations in Paragraph 33 of the Amended Counterclaims and respectfully refer the Court to the Amended Complaint for the full and complete terms thereof.

34.        Deny the allegations contained in the first sentence of Paragraph 34 of the Amended Counterclaims.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 34 of the Amended Counterclaims. Deny the allegations contained in the third sentence of Paragraph 34 of the Amended Counterclaims and respectfully refer the Court to the relevant transaction documents for the full and complete terms thereof.

35.        Deny the allegations in Paragraph 35 of the Amended Counterclaims.

36.        Deny the allegations in Paragraph 36 of the Amended Counterclaims and respectfully refer the Court to the historical trading prices of the notes.

37.        Deny the allegations in Paragraph 37 of the Amended Counterclaims and respectfully refer the Court to the historical trading prices of the notes.

38.         Deny the allegations in Paragraph 38 of the Amended Counterclaims and respectfully refer the Court to the historical trading prices of the notes.

39.         Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Counterclaims, except admit that none of the bonds issued in 2006 or 2010 were issued at a discount.

40.         Deny the allegations in Paragraph 40 of the Amended Counterclaims and respectfully refer the Court to the historical trading prices of the notes.

41.         Deny the allegations in Paragraph 41 of the Amended Counterclaims and respectfully refer the Court to the historical trading prices of the credit default swaps.

42.         Deny the allegations in Paragraph 42 of the Amended Counterclaims and respectfully refer the Court to the historical trading prices of the credit default swaps.

43.         Deny the allegations in Paragraph 43 of the Amended Counterclaims, except admit that on October 5, 2011 Standard & Poor's Rating Services issued a press release, and respectfully refer the Court to that press release for the full and complete terms thereof.

44.         Deny the allegations in Paragraph 44 of the Amended Counterclaims and respectfully refer the Court to the October 5, 2011 Standard & Poor's Rating Services press release for the full and complete terms thereof.

45.         Deny the allegations in Paragraph 45 of the Amended Counterclaims.

46.         Deny the allegations in Paragraph 46 of the Amended Counterclaims.

47.         Deny the allegations in Paragraph 47 of the Amended Counterclaims, except admit that a valuation by Blackstone Advisory Partners L.P. is contained in PIK Borrower's Disclosure Statement dated September 21, 2011, and respectfully refer the Court to the Disclosure Statement for the full and complete terms thereof.

48.         Deny the allegations in Paragraph 48 of the Amended Counterclaims and respectfully refer the Court to PIK Borrower's Disclosure Statement for the full and complete terms thereof.

49.         With respect to the allegations in Paragraph 49 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 49 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 49 of the Amended Counterclaims.

50.         With respect to the allegations in Paragraph 50 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 50 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 50 of the Amended Counterclaims.

51.         Deny the allegations in Paragraph 51 of the Amended Counterclaims and respectfully refer the Court to the relevant transaction documents for the full and complete terms thereof.

52.         Deny the allegations in Paragraph 52 of the Amended Counterclaims.

53.         Deny the allegations in Paragraph 53 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

54.         Deny the allegations in Paragraph 54 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

55.         Deny the allegations in Paragraph 55 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

56.          Deny the allegations in Paragraph 56 of the Amended Counterclaims.

57.          Deny the allegations in Paragraph 57 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

58.          Deny the allegations in Paragraph 58 of the Amended Counterclaims.

59.          Deny the allegations in Paragraph 59 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

60.          Deny the allegations in Paragraph 60 of the Amended Counterclaims and respectfully refer the Court to the relevant transaction documents for the full and complete terms thereof.

61.          Deny the allegations in Paragraph 61 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

62.          Deny the allegations in Paragraph 62 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

63.          Deny the allegations in Paragraph 63 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

64.          Deny the allegations in Paragraph 64 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

65.          Deny the allegations in Paragraph 65 of the Amended Counterclaims and respectfully refer the Court to the referenced announcement for the full and complete terms thereof.

66.          Deny the allegations in Paragraph 66 of the Amended Counterclaims.

67.          Deny the allegations in Paragraph 67 of the Amended Counterclaims and respectfully refer the Court to the August 4, 2011 earnings call for the full and complete contents thereof.

68.          Deny the allegations in Paragraph 68 of the Amended Counterclaims.

69.          Deny the allegations in Paragraph 69 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

70.          Deny the allegations in Paragraph 70 of the Amended Counterclaims.

71.          Deny the allegations in Paragraph 71 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

72.          Deny the allegations in Paragraph 72 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

73.          Deny the allegations in Paragraph 73 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

74.          Deny the allegations in Paragraph 74 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

75.          Deny the allegations in Paragraph 75 of the Amended Counterclaims.

76.          Deny the allegations in Paragraph 76 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

77.          Deny the allegations in Paragraph 77 of the Amended Counterclaims and respectfully refer the Court to the Indentures for the full and complete terms thereof.

78.          Deny the allegations in Paragraph 78 of the Amended Counterclaims.

79.          Respectfully repeat each of the foregoing paragraphs as if set forth herein.

80.        With respect to the allegations contained in Paragraph 80 of the Amended Counterclaims, Counterclaim Defendants respond that these allegations contain characterizations of provisions of law, the full and complete provisions of which speak for themselves and to which this Court is respectfully referred, and thus do not require responsive pleading by Counterclaim Defendants.

81.        With respect to the allegations in Paragraph 81 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 81 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 81 of the Amended Counterclaims.

82.        With respect to the allegations in Paragraph 82 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 82 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 82 of the Amended Counterclaims.

83.        With respect to the allegations in Paragraph 83 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 83 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 83 of the Amended Counterclaims.

84.        With respect to the allegations in Paragraph 84 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 84 of the

Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 84 of the Amended Counterclaims.

   85.   Respectfully repeat each of the foregoing paragraphs as if set forth herein.

   86.   With respect to the allegations contained in Paragraph 86 of the Amended Counterclaims, Counterclaim Defendants respond that these allegations contain characterizations of provisions of law, the full and complete provisions of which speak for themselves and to which this Court is respectfully referred, and thus do not require responsive pleading by Counterclaim Defendants.

   87.   With respect to the allegations in Paragraph 87 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 87 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 87 of the Amended Counterclaims.

   88.   With respect to the allegations in Paragraph 88 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 88 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 88 of the Amended Counterclaims.

   89.   With respect to the allegations in Paragraph 89 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 89 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 89 of the Amended Counterclaims.

90.         With respect to the allegations in Paragraph 90 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 90 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 90 of the Amended Counterclaims.

91.         Respectfully repeat each of the foregoing paragraphs as if set forth herein.

92.         With respect to the allegations contained in Paragraph 92 of the Amended Counterclaims, Counterclaim Defendants respond that these allegations contain characterizations of provisions of law, the full and complete provisions of which speak for themselves and to which this Court is respectfully referred, and thus do not require responsive pleading by Counterclaim Defendants.

93.         With respect to the allegations in Paragraph 93 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 93 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 93 of the Amended Counterclaims.

94.         With respect to the allegations in Paragraph 94 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 94 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 94 of the Amended Counterclaims.

95.         With respect to the allegations in Paragraph 95 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are

conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 95 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 95 of the Amended Counterclaims.

96.        With respect to the allegations in Paragraph 96 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 96 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 96 of the Amended Counterclaims.

97.        Respectfully repeat each of the foregoing paragraphs as if set forth herein.

98.        Deny the allegations in Paragraph 98 of the Amended Counterclaims.

99.        With respect to the allegations in Paragraph 99 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 99 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 99 of the Amended Counterclaims.

100.        Deny the allegations contained in Paragraph 100 of the Amended Counterclaims.

101.        Respectfully repeat each of the foregoing paragraphs as if set forth herein.

102.        Deny the allegations contained in Paragraph 102 of the Amended Counterclaims.

103.        With respect to the allegations in Paragraph 103 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 103 of the

14

Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 103 of the Amended Counterclaims.

104.        Deny the allegations contained in Paragraph 104 of the Amended Counterclaims.

105.        Respectfully repeat each of the foregoing paragraphs as if set forth herein.

106.        Deny the allegations contained in Paragraph 106 of the Amended Counterclaims.

107.        With respect to the allegations in Paragraph 107 of the Amended Counterclaims, Counterclaim Defendants respond that to the extent these allegations are conclusions of law, no response is required.  Insofar as the facts alleged in Paragraph 107 of the Amended Counterclaims, Counterclaim Defendants deny the allegations in Paragraph 107 of the Amended Counterclaims.

108.        Deny the allegations contained in Paragraph 108 of the Amended Counterclaims.

## GENERAL DENIAL

Counterclaim Defendants deny each and every allegation, statement and matter not expressly admitted or qualified herein.  Any allegations made in the headings contained in the Amended Counterclaims are denied.  The prayer for relief is denied.

## AFFIRMATIVE DEFENSES

Without undertaking any burden of proof not otherwise assigned to it by law, Counterclaim Defendants assert the following affirmative and other defenses with respect to the claims the Counterclaimant purports to assert:

## FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaimant is barred from obtaining the equitable relief sought in the Amended Counterclaims to the extent it received benefits from the transactions at issue.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaimant lacks standing, authority and/or capacity to bring the claims asserted in the Amended Counterclaims.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaimant's claims are barred by Bankruptcy Code § 546(e) and the doctrine of preemption because the transactions that are the subject of the Amended Counterclaims were a settlement payment in connection with a securities contract made by or to a financial institution, and therefore are exempt from laws regulating fraudulent transfers.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaimant's claims are barred because Counterclaim Defendants acted in good faith.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaim Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to them, and therefore expressly reserve the right to amend and/or supplement their Answer, defenses and all other pleadings and reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates that such defenses would

be appropriate, and to assert any cross-claims, counterclaims and third-party claims when and if

they become appropriate in this action.

        WHEREFORE, Counterclaim Defendants Travelport Limited, Travelport LLC,

Travelport Inc., and Travelport Holdings Limited demand judgment:

        1.      Dismissing with prejudice the Amended Counterclaims herein;

        2.      Awarding them the costs and disbursements of this action, including

attorneys' fees; and

        3.      Awarding them such other and further relief as this Court may deem just

and proper.

Dated:  New York, New York
        May 2, 2012

                /s/ George A. Zimmerman
                George A. Zimmerman
                george.zimmerman@skadden.com
                Steven J. Kolleeny
                steven.kolleeny@skadden.com
                Jeffrey S. Geier
                jeffrey.geier@skadden.com
                **SKADDEN, ARPS, SLATE,**
                  **MEAGHER & FLOM LLP**
                Four Times Square
                New York, New York 10036-6522
                (212) 735-3000

                *Attorneys for Plaintiffs and Counterclaim*
                *Defendants*